ORDER GRANTING DEFENDANT'S MOTION FOR PENALTY UNDER ORS 305.437 AND PETITION FOR ATTORNEY FEES UNDER ORS 20.105
This matter comes before the court on Defendant's Motion for Penalty Under ORS 305.437 and Petition for Attorney Fees Under ORS 20.105 and Plaintiffs' Response to the motion.
 I. INTRODUCTION AND FACTS
This matter is before the court on the application of Defendant (the department) for an award of attorney fees pursuant to ORS 20.105 and an award of penalties pursuant to ORS 305.437.[1] The case was instituted by Plaintiffs (taxpayers) after an adverse decision in the Magistrate Division of the court regarding the joint return liability of taxpayers for the 2005 year. In this division taxpayers, at a stage in which they were not represented by counsel, continually failed to comply with the discovery rules of the court and ultimately violated an order of the *Page 2 
court to compel discovery. As a sanction for that violation, taxpayers were barred from introducing at trial any material that had not been provided to the department prior to the decision of the court to impose a sanction.
Two business days before the scheduled trial in this matter, and at a time when taxpayers were represented by counsel, taxpayers voluntarily dismissed their case. The department objected to the dismissal on the grounds that it was untimely, a position consistent with Tax Court Rule (TCR) 54 A(1) (voluntary dismissal must come not less than five days prior to trial). The department then applied for an award of attorney fees and penalties, to which taxpayers objected. A hearing on the application was held.
At the hearing on this matter, the department presented exhibits and testimony of its auditor regarding three issues that had been the focus of the audit and proceedings in this court. Those issues were (1) whether taxpayers had conducted an automobile leasing business for profit such that operating losses from the business were deductible; (2) whether taxpayers had made certain substantial non-cash donations to charitable organizations; and (3) whether Stacy Ellison was a real estate professional within the meaning of IRC section 469.[2]
The only evidence introduced by taxpayers at the hearing were certain materials that their counsel averred would or could have been presented at trial if taxpayers had not dismissed their case. The material was a portion of the material the department introduced at the hearing and on which the department auditor commented.
While there is no purpose in summarizing all of the facts brought forth by the department at the hearing on this matter, certain items serve as good examples of the overall showings of the department. *Page 3 
With respect to the claim by taxpayers that they engaged in an automobile rental business for profit, the returns of taxpayers for the year in question and the five previous years were all prepared by taxpayers themselves. For the year 2005, on three particular vehicles taxpayers claimed a total of $40,804 of depreciation (Def's Ex H at 18), even though in the prior year taxpayers claimed only $9,136 of depreciation. (Def's Ex G at 19.) That difference was entirely inconsistent with the method of depreciation chosen by taxpayers, a method in which depreciation deductions decline over time. In addition, depreciation for one of the vehicles in the amount of $13,772 was taken after it had been, under the relevant life of asset rule, fully depreciated. (Def's Ex H at 18.)
In another year, deductions for business use of a home not only varied enormously from similar deductions for other years, they also corresponded to the precise dollar amount needed to bring net income from the business to zero. (Def's Ex E at 7.)
Taxpayers, if you read their returns, appear to be very charitable. In many of the years for which the department introduced returns, taxpayers claimed charitable deductions in the amount of $15,000 to $20,000. However, in these years few, if any, of the deductions were for cash contributions. Rather, the deduction amount was attributable to gifts of used items to various charities. Taxpayers provided the department with lists of property contributed together with values supported by nothing more than taxpayers' own views. (Def's Ex W.) The accuracy of those views is entitled to no weight as the same taxpayers were shown to have made identical listings of property for gifts made at different times of the year to different charities. (Id.) It appears to the court that the supporting documentation for the gifts was simply generated by taxpayers to support their very significant claims of deduction. *Page 4 
As to the claim that Stacy Ellison was a real estate professional in 2005, the credibility of any of the material provided to the department is called into question by facts such as that Stacy Ellison claims to have been involved in purchases of property paid and signed for by Steven Ellison. (Def's Ex U.) Further, the statements of work and hours produced by taxpayers, in one instance, show Stacy Ellison as working 20 out of 24 hours in one day. (Ptf's Ex 2 at 1.) Another such entry also shows over an hour spent changing a blade on a power saw. (Def's Ex V at 1.) The records are not credible.
 II. ISSUE
Are taxpayers liable for attorney fees pursuant to ORS 20.105 and penalties pursuant to ORS 305.437?
 III. ANALYSIS
Under ORS 20.105 and ORS 305.437 a taxpayer has liability if a position taken by the taxpayer has no objectively reasonable basis. There are statutory bases for each of the deductions taken by taxpayers and questioned by the department. That is not, however, enough for taxpayers to escape exposure under the attorney fee and penalty statutes. Rather, taxpayers must present facts that create an objectively reasonable basis for the conclusion that the statutory provisions apply. Mattiza v. Foster,311 Or 1, 8 n 10, 803 P2d 723 (1990).
Here, taxpayers presented no facts on the underlying questions of the application of the statutes affording deductions. Instead they dismissed their case after over a year of litigation, most of which was consumed by vain attempts to make taxpayers fulfill their obligations to provide meaningful discovery to the department. The court is of the view that in such a case, the positions of the taxpayers must be viewed as without an objectively reasonable basis in fact. *Page 5 
Taxpayers cannot rely on evidence that was not presented in a trial on the merits and subject to testing through application of ordinary trial procedures and rules.
At the hearing on this matter, neither of taxpayers took the stand and testified under oath as to the truth or correctness of any of the information that they sought to have the court consider as evidence they "could have" introduced at trial. That may well have been a very good decision, as much, if not all of that evidence was placed in the record by the department and then, in the opinion of the court, shown to be totally lacking in credibility. The court specifically finds that even if the material offered by taxpayers in that hearing were to be considered, it is not credible or worthy of consideration as support for the tax return or litigating positions of taxpayers.
Taxpayers have in no way demonstrated that their positions were based on an objectively reasonable application of the law to the facts at hand. Further, the department has proven that those positions were without an objectively reasonable basis in fact. An award of the maximum penalty under ORS 305.437 of $5,000 is warranted.
As to attorney fees, no objection as to the amount of fees and costs claimed has been made. As to the right to an award of fees, the court considers the provisions of ORS 20.075. Those considerations include:
 (1) The conduct of the party in the matter that is the subject of the litigation — on this score the court finds that the evidence indicates that the conduct of taxpayers fell far below the standard expected of taxpayers by the Oregon legislature. Further, the conduct of taxpayers as to the discovery stage of this proceeding amounted to a violation of the discovery rules.
 (2) The objective reasonableness of the position of a party — this is relevant as to fee awards and has been dealt with above. *Page 6 
 (3) The likelihood that an award of attorney fees in this case would deter parties from making good faith claims or defenses in similar cases — an award of fees against taxpayers here will not deter claims with merit. Further, the failure to award fees in this matter could well encourage others to repeat the type of conduct in which taxpayers engaged. The actions of taxpayers during the course of this litigation were inadequate and, in the opinion of the court, obstructive. The foregoing comment is made only as to the actions of taxpayers and is not made as to the behavior of the counsel they ultimately obtained.
For the reasons set forth above, the full request of the department for fees and costs is granted and the department is also awarded a supplemental fee for any time associated with the hearing on this matter that was not covered by the application made for attorney fees.
Counsel for the department is directed to prepare an appropriate form of judgment in this matter, covering both the voluntary dismissal of the case and the awards made in this order. Now, therefore,
IT IS ORDERED that Defendant's Motion for Penalty under ORS 305.437 and Petition for Attorney Fees under ORS 20.105 is granted.
Dated this ___ day of March, 2011.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON MARCH 15, 2011, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] All references to the Internal Revenue Code (IRC) are to the 2008 edition. *Page 1